IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TRAVIS CONNER**                                                                         **PETITIONER**

**V.**                                                               **Cause No. 3:17-cv-860-WHB-JCG**

**WILLIAM D. SOLLIE**                                                                **RESPONDENT**

### REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition of Travis Conner ("Petitioner") for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). Petitioner is a pretrial detainee at Lauderdale County Detention Facility in Meridian, Mississippi, and he is seeking to have the charges dropped and to be released from custody. (ECF No. 1, at 8). Respondent William Sollie, the Sheriff of Lauderdale County, Mississippi, filed a Motion to Dismiss (ECF No. 13), asserting that the Petitioner has failed to state a claim upon which relief may be granted, and alternatively, that Petitioner failed to exhaust state court remedies. Having considered the submissions of the parties and relevant legal authority, the undersigned United States Magistrate Judge recommends that Respondent's Motion to Dismiss (ECF No. 13) be granted.

### BACKGROUND

Petitioner was arrested in Lauderdale County on October 9, 2017[1] on charges of murder, attempted murder, and attempted armed robbery. (ECF No. 10). In his

---

[1] October 9, 2017 is the date the petitioner states he was arrested (ECF No. 10). However, his Lauderdale County Detention Facility Booking sheet lists October 17, 2017 as his arrest date (ECF No. 13-1).

Petition for Writ of Habeas Corpus filed on October 27, 2017, without stating any facts, he challenged his pretrial detention and asked for all charges to be dismissed immediately (ECF No. 1). In response to the Court's order to file an amended petition (ECF No. 9), Petitioner stated that the grounds for his claim include the failure to appoint an attorney and his incarceration "for charges that I did not commit and pleaded not guilty to"[2] (ECF No. 10). This amended petition was filed on January 29, 2018.

However, Petitioner was appointed counsel in his state case on October 31, 2017 (ECF No. 13-3, ECF No. 17-5). It was not until April 10, 2018 that his counsel filed a Petition for Writ of Habeas Corpus in the state case. Petitioner was then indicted in Lauderdale County Circuit Court on charges of attempted murder, armed robbery, and murder on May 24, 2018 (ECF No. 17-1, ECF No. 17-2). Petitioner's trial on these charges is set for September 17, 2018. (ECF No. 17-3, ECF No. 17-4).

## ANALYSIS

A pretrial detainee's suit challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). The "purpose of this writ is not to examine the validity of any judgment, but

---

[2] Petitioner also included some condition of confinement claims in his amended petition, but the Court dismissed those claims without prejudice (ECF No. 11).

merely to inquire into the legality of a detention." *Fain v. Duff,* 488 F.2d 218, 222 (5th Cir. 1973).

However, the relief a pretrial detainee may be entitled to under § 2241 is limited. "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489 (1973) (citing *Ex parte Royall,* 117 U.S. 241, 253 (1886)). A petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

The United States Supreme Court has drawn a distinction between a pretrial petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" and "one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citing *Braden*, 410 U.S. at 491; *Smith v. Hooey*, 393 U.S. 374 (1969)). Essentially, an attempt to dismiss an indictment or prevent prosecution is an attempt to abort or disrupt, while an attempt to "force the state to go to trial" is merely an attempt to force the state to fulfill its obligation. *Id.* "[T]he former objective is normally not attainable through federal habeas corpus, [but] the latter is. *Id.*

The only relief Petitioner requests in the instant case is to have all charges pending before the Circuit Court of Lauderdale County, Mississippi dismissed (ECF No. 1). This is clearly a request by Petitioner to "abort a state proceeding or to

disrupt the orderly functioning of state judicial processes." *Brown*, 530 F.2d at 1283. Thus, habeas corpus relief is not an available remedy.

Further, even if the Court were to interpret the Petition as an attempt to enforce the State's obligation to bring the Petitioner to trial, Petitioner has been indicted and the trial date is set. He has alleged no "special circumstances" which would provide justification for the Court to disrupt "a pending state criminal trial." *Dickerson*, 816 F.2d at 229. To the extent that this case presents a speedy trial claim, any claim based on deprivation of the right to a speedy trial must be "exhausted in the state court after a trial and raised in a post-trial federal habeas corpus action under 28 U.S.C. § 2254." *Bursey v. Circuit Court of Lowndes Cty.*, No. 1:11CV175-D-A, 2012 WL 5183588, at *3 (N.D. Miss. Oct. 8, 2012) (followed by *Edmonson v. Sollie*, Civil Action No. 3:14-CV-68-HTW-LRA, 2014 WL 2865733, at *3 (S.D. Miss. June 23, 2014)). Therefore, Petitioner has not properly exhausted state court remedies. *Dickerson*, 816 F.2d at 227.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that Respondent's Motion to Dismiss be granted and Travis Conner's Petition for Writ of Habeas Corpus be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, after service of a copy of this Report and Recommendation, each party

has fourteen days to serve and file with the Clerk any written objections to it. Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 10th day of July, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE